IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ACS RECOVERY SERVICES, INC., ET AL. | § § | |
| Plaintiffs, | § § | |
| v. | § § | Cause No. 6:09-cv0512 |
| LARRY GRIFFIN, ET AL. | § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. This case is a dispute by cross-motions for summary judgment in which Plaintiffs seek equitable restitution of the sum of $50,076.19 for payments covering Defendant Larry Griffin's medical treatment, to be recovered from a tort recovery received by the Defendants. The Report and Recommendation recommends that Plaintiffs' Motion for Summary Judgment against all Defendants, including Larry Griffin, Willie Earl Griffin, the Larry Griffin Special Needs Trust and Judy Griffin, be denied. Further, that Plaintiffs' Motion for Entry of Judgment by Default against Judy Griffin, construed as a part of Plaintiffs' Motion for Summary Judgment, be denied. Finally, that Defendants' Motion for Summary Judgment be granted. Plaintiffs filed written objections to the Report and Recommendation on March 17, 2011.

Having made a *de novo* review of the objections filed by Plaintiffs, the Court finds that the

findings, conclusions and recommendation of the Magistrate Judge are correct and the objections are without merit. Specifically, as much as Plaintiffs argue that this case is somehow distinguishable from the factual situation, legal analysis and outcome of *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002), their attempts fall short.

Plaintiffs seek to distinguish *Great West* by arguing that the Supreme Court's holding was "that a claim for restitution did not seek 'equitable relief' when the plaintiff sought merely to obtain a judgment imposing personal liability upon the defendant to pay a sum of money." Objections at 5 (citing *Great West*, 534 U.S. at 213). They then contend that restitution in equity, such as through a constructive trust or equitable lien, could serve to effect the reimbursement they seek. *Id*. Yet, they then acknowledge the very point that puts reimbursement out of their reach in this case, that the relief sought in *Great West* "was not equitable because the plaintiff was not seeking relief against the actual funds that the defendants had received as a result of the settlement of their tort claim. Those funds were not in the defendants' possession, as they had been used to fund a special needs trust and pay the defendants' tort attorney." *Id*. (citing *Great West*, 534 U.S. at 214).

Here, Plaintiffs essentially object that instead of seeking legal restitution under a theory of general liability, they "sought the imposition of a constructive trust over the proceeds of the settlement of the Tort Litigation, a 'classic form of equitable relief,' under Section 502(a)(3) of ERISA." *See* Objections at 3. In fact, as Plaintiffs stated in their original complaint:

> Plaintiffs bring this action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enjoin one or more acts and/or practices which violate the terms of the Plan, and to obtain appropriate equitable relief, including but not limited to a constructive trust and an injunction, to enforce certain material provisions of ERISA and the Plan and to redress certain violations of ERISA and the terms of the Plan.

Complaint at 2 ¶ 7. However, the plaintiffs in *Great West* also sought "classic form[s] of equitable

relief," in the form of injunctive relief, as here, and declaratory relief, "to pay the Plan $411,157.11 of *any proceeds recovered from third parties*." *See Great West*, 534 U.S. at 208 (emphasis added). They sought this relief pursuant to a reimbursement provision in that insurance policy, conferring "'the right to recover from the [beneficiary] any payment for benefits' paid by the Plan that the beneficiary is entitled to recover from a third party." *Id*. at 207.

That the Plaintiffs are similarly proceeding pursuant to the subrogation and reimbursement provisions of the Plan in this case is undeniable. They say precisely as much in their complaint. *See* Complaint at 3-4 ¶¶ 16-18. Furthermore, they seek to obtain their reimbursement from the proceeds paid by "the third party tortfeasors allegedly responsible for the accident" that injured Larry Griffin. *Id*. at 4 ¶ 17; *see also* Plaintiffs' MSJ at ¶¶ 33-39. No matter how they clothe their claim as for a constructive trust or injunctive relief with "lawyerly inventiveness," *Great West*, 534 U.S. at 211 n.1, at bottom Plaintiffs seek restitution of the monies they contend is owed under the Plan from Larry Griffin's tort recovery. *See* Plaintiffs' MSJ at 11 (". . . the remedy of restitution is particularly appropriate in this case."); 17 ¶ C ("any reimbursement or restitution required to be made to the Plan by the Defendants").

Yet, the crux of *Great West* is the fact that the money sought by the fiduciaries in that case resided in a special needs trust established under the appropriate state law and administered as such. There, as here, "the funds to which [Plaintiffs] claim an entitlement under the Plan's reimbursement provision - the proceeds from the settlement of [Defendants'] tort action - are not in [Defendants'] possession." *Great West*, 534 U.S. at 214. Thus, no matter how Plaintiffs here try to frame their lawsuit, "[t]he basis for [their] claim is not that [Defendants] hold particular funds that, in good conscience, belong to [Plaintiffs], but that [Defendants] are contractually entitled to *some* funds for

benefits that they conferred." *Id*. (emphasis in original). In other words, their claim can only be interpreted as one for a recovery under the terms of the Plan for "*some* funds for benefits that [the Plan] conferred." *Id*. In this sense, the instant case is very similar to *Great West*.

Plaintiffs nonetheless argue that this case is more like the situation presented to the Supreme Court in *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006). There, however, the funds from which those plaintiffs sought recovery were in an investment account under those defendants' possession and control, by stipulation of the parties pending the ultimate outcome in the trial and appellate courts. *Id*. at 361. The Supreme Court explicitly distinguished that situation from the one in *Great West*, noting that the requirement of seeking to "impose a constructive trust or equitable lien on 'particular funds or property *in the defendant's possession*'" was not met in *Great West* because "the funds to which petitioners claim[ed] an entitlement" were not in the respondent's possession but had been placed in a special needs trust under state law. *Id*. at 362 (quoting *Great West*, 534 U.S. at 213, 214) (emphasis added). Therefore, in *Amschwand v. Spherion Corp.*, 505 F.3d 342, 346 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2995, 171 L. Ed. 2d 911 (2008), the United States Court of Appeals for the Fifth Circuit interpreted *Sereboff* to confirm, ". . . that the *sine qua non* of restitutionary recovery available under § 502(a)(3) is a defendant's possession of the disputed res." *Id*. Here, a special needs trust was established by a state court under state law, just as in *Great West*, and those funds are not in Defendants' possession. Plaintiffs' objections simply cannot disestablish that circumstance and their objection is accordingly without merit.

As for the additional claim against Defendant Judy Griffin, Plaintiffs have not objected to the Magistrate Judge's recommendation that their Motion for Entry of Judgment by Default against

her be denied. Therefore, the Court will not consider that claim further.

The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court. In light of the foregoing, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment (docket entry #26) is **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion for Entry of Judgment by Default Against Defendant Judith Griffin (docket entry #25) is **DENIED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment (docket entry #27) be **GRANTED** and that this case accordingly be **DISMISSED** with prejudice. It is finally

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 23rd day of March, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**